## WESTERN ROOFING TILE CO. v. DEIBLER.

No. 1241. Opinion Filed November 18, 1911.

(120 Pac. 579.)

1. **APPEAL AND ERROR—Harmless Error.** In a civil action, an instruction which deprives a litigant of a plain statutory right, or imposes upon him a burden which under the circumstances he is plainly relieved of by statute, should not be treated as harmless.

2. **TRIAL—Instructions—Issues.** Where a petition contains the specific averment that plaintiff is a corporation duly organized and existing under the law, and such averment is not denied under oath by defendant, nor made an issue in the trial, and the court in his instructions makes the corporate existence of the plaintiff an issue to be determined by the jury from the evidence in the case, **held**, such an instruction is erroneous.

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by the Western Roofing Tile Company against George H. Deibler. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This action was begun in the district court of Pittsburg county in December, 1907; the plaintiff therein claiming the sum of $631 as damages due it, sustained by reason of defendant's repudiation of a contract to purchase and pay for a certain tiling and roofing material for certain school buildings in the city of McAlester. Plaintiff's petition alleged, in substance: That plaintiff is a corporation duly organized and existing under the laws of the state of Kansas, with principal offices at Coffeyville, Kan., and engaged in the roofing business and manufacturing of roofing materials. That defendant, George H. Deibler, then resided in the city of McAlester, and engaged in the business of contracting and building. That said defendant then had a contract for the building of three schoolhouses in the city of McAlester, and entered into a written contract with the plaintiff, whereby plaintiff was to furnish to defendant certain tiling and other roofing material for the three buildings then in course of construction. That the contract between plaintiff and defendant was entered into about July 10, 1907, and provided that plaintiff should deliver the roofing material at McAlester and place same upon the buildings at such time as defendant should be ready for the work to be done. Plaintiff further alleged: That, pursuant to such contract, it proceeded to manufacture the materials necessary for the roofing of the buildings, and on September 20, 1907, had all the materials for the roofing of such buildings manufactured as per order of defendant and as per conditions of contract and ready for shipment, and about that time received a telegram from defendant to hold up shipment until receipt of letter following, and the letter referred to informed plaintiff that the school board had changed the roofing from tiling to asbestos slate; that he, defendant, would use one car of the material, which car it seemed had already been shipped, but that he would not use the rest of the material contracted for. That upon receipt of such letter from defendant plaintiff replied that the

material had already been prepared and was ready for shipment, and that since the order had been in for this special material about 90 days, inasmuch as they had prepared same for those special buildings, they could not then consider a repudiation of the contract, and would hold the material subject to defendant's order. That the defendant still refused to accept the material and refused to fulfill his part of the contract, and that the material in question, being especially prepared by plaintiff for the particular buildings in question, was worthless to plaintiff for any other purpose. That it could not be used on other buildings of different pitch and angles, could not be disposed of by them for any value, and that the cost of such material and the cost of manufacturing same amounted to $631, and that plaintiff was thereby damaged in the sum of $631, and asked judgment against defendant for said sum. Defendant in due time filed answer to plaintiff's petition denying the allegations therein, and also setting up the defense that the reason he did not take the material of plaintiff was because he had his buildings ready for roofing, and that plaintiff had failed and refused to furnish him with the roofing material under the terms of the contract, and that, being unable to get such material at the time it was needed in the course of construction of the building, he was thereby forced to get other materials. On November 22, 1908, the cause went to trial upon the evidence submitted, and resulted on November 24th in a verdict and judgment for defendant. Plaintiff presented motion for a new trial, which, after being considered by the court, was overruled, and the cause brought here on appeal.

*A. C. Markley,* for plaintiff in error.

*Stuart & Gordon,* for defendant in error.

Opinion by HARRISON, C. (after stating the facts as above). The petition in error contains six specific assignments of error, but the plaintiff in error in its brief seems practically to abandon all the assignments of error except as to the giving of instructions numbered 4 and 5 of the court, and to the refusal by the court to give instructions 1 to 12, inclusive, offered by the

plaintiff. The instructions complained of, numbered 4 and 5, given by the court, are as follows:

"You are further instructed that, if you believe from the evidence that the plaintiff is a foreign corporation, and that it prepared said tiling and material, and was ready to place the roofs on said two last-named buildings within a reasonable time as defined in this instruction, provided you believe there was no oral contract as to the time of delivery and performance of work in accordance with the terms of said contract, and, without any failure or negligence on the part of plaintiff, the defendant Deibler revoked said contract, thereby preventing plaintiff from performing its part thereof, then you should find for the plaintiff such damages as you think it is entitled to recover, considering all the evidence based upon the instructions of the court.

"If you find for the plaintiff, its measure of damages will be the difference between the market value of the tiling and other material nearest McAlester, Okla., the place where the goods were to have been delivered, and the cost and the expense of the work in placing said roofs on said last two named school buildings, based on a reasonable contract price for such work taken from the contract price which plaintiff was to receive for the completion thereof; and, before the plaintiff can recover any sum whatever, it must first show the market value of such material, and the cost of such work at McAlester, or at the nearest market to McAlester, and, if no such proof as to such market value and expense of work has been shown, then you should find for the defendant: provided that if you believe from the evidence that such market value and cost has been shown and some of the material was made especially for said buildings and cannot be used on any other building and has no market value, then the estimate of such goods especially made would be the actual cost of making them."

It is contended by plaintiff in error that this instruction is especially erroneous, for the reason that it placed upon the jury the duty of finding from the evidence that the plaintiff was a foreign corporation when such fact had not been in issue in the pleadings nor in the evidence.

It is also contended that this instruction is erroneous because of the clause, "provided you believe there was no oral contract as to the time of delivery and performance of work," and for the further reason that such instruction did not correctly charge

the law as to the measure of damages under the circumstances and under the evidence. Without going into a discussion of the clause, "provided you believe there was no oral contract as to the time of delivery and performance of work," or as to whether the court correctly charged the jury as to the measure of damages, we think the first objection, that requiring the jury to believe from the evidence that the plaintiff is a foreign corporation, is sufficiently serious to dispose of this case.

Section 1276, Comp. Laws 1909, provides:

"In all civil actions brought by or against a corporation, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall in his answer expressly aver that the plaintiff or defendant is not a corporation."

Section 5648, Comp. Laws 1909, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon of the existence of a corporation or partnership, or of any appointment of authority, or of correctness of any account duly verified by affidavit of the party, his agent, or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The petition specifically alleges that plaintiff is a corporation organized and existing under the laws of the state of Kansas. This averment is not denied under oath by defendant, either in his answer or in his testimony, and therefore becomes a fact not to be put in issue; yet it is plainly put in issue under the court's instruction.

It is contended with forcible reasoning, ability and fairness by counsel for defendant in error that this feature of the instruction is harmless; that the case was tried throughout on the theory that plaintiff was a corporation; that such issue was not mentioned in the evidence or in the argument; and that it could not have influenced the jury in their verdict. This might all be true, but it might not be true. It might have materially influenced them in arriving at their verdict. The very fact that there had been no testimony on this particular point, and that the matter had not been mentioned in the argument, might have been taken

by the jury, guided by the court's instructions, as a matter clearly overlooked by counsel, but observed by the court, and out of his sense of justice and fairness submitted to them for determination under the evidence.

We cannot say whether this is true or not, but it is plain from the instructions and the balance of the record that they could have been influenced thereby, and we do not consider it sound doctrine to impose a burden upon the litigant of which he is relieved by statute, and then conjecture whether or not he was harmed thereby. It is extremely difficult to determine absolutely whether a litigant has been harmed, or to what extent he has been harmed by being deprived of a statutory right or by having imposed upon him a burden of which he is relieved by statute, but the presumption should be that he is harmed.

The Legislature must have had a reason for enacting these statutes. We think there is a good reason for the statute in question. At any rate, it is the law, and should not be disregarded in the determination of the rights of litigants. Parties who are compelled to go to law for an adjudication of their rights are entitled to have them determined by the law, and an instruction which deprives a litigant of a plain statutory right, or imposes upon him a burden of which he is plainly relieved by statute, should not be held as harmless.

We entertain the utmost deference and highest regards for the wisdom of the learned judge who tried the case below, and fully believe that the language used in the instruction complained of crept in by merest inadvertence, but we cannot say that plaintiff was not harmed thereby.

It is our opinion that the judgment should be reversed, and the cause remanded.

By the Court:   It is so ordered.

All the Justices concur.