## J. P. BLEDSOE & SON v. KEYSTONE STEEL & WIRE CO.

No. 3588.     Opinion Filed February 28, 1914.

(139 Pac. 257.)

1. **CORPORATIONS—Action by Foreign Corporation—Proof of Corporate Character.** Where a plaintiff alleges in the petition that it is a corporation organized under the laws of another state, and the defendant files a specific denial of plaintiff's corporate character duly verified, the plaintiff is required to make proof of the fact that it is a corporation.

2. **SAME—Corporate Character—Sufficiency of Evidence.** The evidence in this case is sufficient to show plaintiff's corporate character.

(Syllabus by Brewer, C.)

*Error from County Court, Stephens County;*
*W. H. Admire, Judge.*

Action by the Keystone Steel & Wire Company against J. P. Bledsoe & Son, a copartnership, composed of J. P. Bledsoe and George Bledsoe. Judgment for plaintiff, and defendants bring error. Affirmed.

*Gilbert & Bond,* for plaintiffs in error.

*D. M.. Smith* and *F. B. Allen,* for defendant in error.

Opinion by BREWER, C.   On December 28, 1909, the Keystone Steel & Wire Company sued J. P. Bledsoe & Son for a balance of $620, alleged to be due on a carload of wire and fence material.   The plaintiff alleged that it was a corporation organized under the laws of·the state of Illinois.   On April 20, 1910, the defendants filed an answer consisting of a general denial.   On October 3, 1910, the defendants filed an amended answer, which, in addition to a general denial, denied plaintiff's corporate character.   The position of the defendants in this case is fully disclosed in the statement of counsel to the jury that the defense raises the question of plaintiff being a corporation:  "We simply deny the corporation."   This is all the defense they seem to have for not paying for goods received.   Complaint is made here that the court erred in striking this amended answer, raising the question of corporate character, from the files; also, that the evidence is not sufficient to show that plaintiff is a corporation.   The striking of the answer from the files, which was after judgment, needs no extended consideration, if in fact corporate character is shown by the evidence, as we think it is, and therefore we shall treat the case as though the answer raising the question had not been stricken, which course saves and reviews the only question material to defendants.

The denial of corporate existence is specific and verified by one of the defendants as a fact, although on the witness stand the party admits he had no knowledge of the matter.   Still, in this situation it was incumbent on plaintiff to make a showing of its corporate character.   We think this is sufficiently shown.

It is shown by the certificate of the Secretary of State for the state of Illinois, with copy of charter annexed, that the "Keystone Woven Wire Fence Company was duly incorporated under the laws of said state and certificate thereof issued July 30, 1892."   It is also shown that the corporate name of this concern was later on changed to "Keystone Fence Company." It is also shown under the certificate and seal of the Secretary

of State of Illinois that the "Atlas Wire Company" was duly incorporated under the laws of that state June 7, 1905. It is further shown by the certificate and seal of the Secretary of State of the state of Illinois that the two aforesaid corporations. were consolidated under the name of "Keystone Steel & Wire Company," the name used in this suit, on July 20, 1907. To this certificate is attached a copy of the proceedings and resolutions. by which the consolidation was effected. A certified copy of the law of Illinois is also in the evidence, relative to proceedings necessary to incorporate, to change the corporate name, and to effect the consolidation of two corporations. There is no attack made by counsel for defendants as to the original incorporation of the two parent companies, but it is claimed that the resolutions effecting the consolidation fail to show a legal consolidation under the name used in this suit. Several points are advanced, but the one principally relied on seems to be that the resolution of consolidation failed to show that the Atlas Wire Company had passed any resolution by its stockholders to authorize the action, and that this was necessary under the law in evidence.

We think the point is not well taken. The resolution of consolidation was evidently thought to be sufficient by the Illinois officers, as it was accepted and filed, and the corporation permitted to do business under it. Besides, a reading of the proceedings shows that the stockholders of the two corporations were present in joint meeting at the passage of the resolution and that the meeting was held in the office of the Atlas Company. There is some uncertainty about just what was done to effect the consolidation, and the resolutions to accomplish this purpose may be open to some criticism; but we think, under all the evidence, that it is sufficiently shown that the present defendant in error, plaintiff below, was and is an existing corporation organized and doing business under the laws of the state of Illinois.

The judgment does substantial justice, except that in our judgment it has been too long delayed. The cause should be affirmed.

By the Court: It is so ordered.