### STOUTZ v. WILSON MOTOR CO.

No. 24851.   March 17, 1936.

L. O. Carson, for plaintiff in error.

E. D. Brewer, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error in a justice of the peace court in Tulsa county, to recover the balance of the purchase price of an' automobile, and upon judgment being rendered for the plaintiff therein, R. W. Stoutz appealed to the court of common pleas of Tulsa county, which court sustained the judgment of the justice court, whereupon Mr. Stoutz appealed to this court.

It appears that one Beckham, a son-in-law of Stoutz, desired to purchase a car from the Wilson Motor Company, and that because of his lack of credit standing, or for other reasons, the Wilson Motor Company procured Mr. Stoutz's signature to an instrument which is the real basis of this action.

Plaintiff in error assigns twelve errors in the trial of this cause as the basis of this appeal, but in the opinion of this court there is only one important question involved, that is, whether or not Stoutz, by the placing of his signature on the instrument involved, became bound thereby to pay to the Wilson Motor Company the payments set forth on the face of said instrument.

This instrument, introduced in evidence by the Wilson Motor Company, is labeled "Chattel Mortgage," and the first sentence thereof reads as follows:

"To secure the deferred balance of the purchase price of the automobile described herein, the undersigned mortgagor does hereby grant, bargain, sell and mortgage unto Wilson Motor Company, the mortgagee, the following motor vehicle. * * *"

The first numbered paragraph of said instrument reads as follows:

"Mortgagor shall pay deferred balance of $536.47 at the office of the Wilson Motor Company in equal monthly installments on the same day of each month, commencing one month from the date hereof, or as evidenced in schedule of payments herein, with interest thereon after maturity at the highest lawful contract rate, and if placed with an attorney for collection, an attorney's fee of $25.00 and ten per cent. of the unpaid balance."

The balance of the instrument contains provisions commonly appearing in chattel mortgages. The instrument was signed by the Wilson Motor Company by John D. Freeman, treasurer, Harold Leon Beckham, and R. W. Stoutz, with the names of two witnesses appearing in the lower left-hand corner.

Under Beckham's signature appear the

words "purchaser-mortgagor's signature." R. W. Stoutz placed his signature on a line appearing immediately under the one on which Beckham signed, under which appears "official title, if company." Immediately below appears a line with the notation "mortgagor's address." Stoutz claims that he was not bound to make deferred payments by virtue of his affixing his signature to the instrument in question above the line involved, insisting that the instrument throughout refers to mortgagor in the singular; that Beckham signed as mortgagor; that the covenant to pay was a covenant on behalf of the mortgagor, and that his name is merely affixed thereto for identification, or to insure the performance of the other covenants of the mortgage, or to "get by the finance company," which last-mentioned purpose he testified he had been told by Beckham was the reason for the request for his signature by the motor company.

Mr. Stoutz also testified that something was said to him during the few minutes he was at the office of the Wilson Motor Company executing such instrument, by one of its representatives, to the effect that they desired his signature solely to get by the finance company, but this statement was denied by the representative of the motor company present at such meeting, and the trial judge apparently gave no weight to Mr. Stoutz's somewhat uncertain testimony. Mr. Stoutz makes no claim that any other representations were made to him by the motor company and does not deny that he did, at various times, give his own checks in payment of the installments due under the terms of the instrument involved.

From an examination of the record, it appears that there was no fraud practiced upon Mr. Stoutz at the time he executed this instrument in question, and if there was any ambiguity in the terms thereof, the same was apparently satisfactorily explained to the trial court by the witnesses before it. There is ample evidence in the record to sustain the trial court's finding that Mr. Stoutz, by placing his signature on said instrument, became bound to perform all of the covenants contained therein. The requirement of the motor company that Stoutz execute this instrument certainly had some meaning, particularly inasmuch as Stoutz testified that he was an attorney of over 40 years' experience, and did not contend that he was in any way denied an examination of the instrument he was signing. It seems clear to this court that he

was bound to perform all of the covenants thereof.

There is no merit to plaintiff in error's contention that the fact that the instrument was worded in singular would relieve him from the responsibility incurred by signing the same, since an obligation worded in the singular may, if signed by two persons, become the several obligation of each of the signers. Section 33, O. S. 1931, specifically provides that "words used in the singular number include the plural and plural the singular except where a contrary intention plainly appears." The contention of the plaintiff in error that the fact that no reference was made to him in the instrument itself does not relieve him of responsibility for the obligation incurred by his execution thereof. A person who has signed his name to a contract becomes bound as a party thereto even though he is not elsewhere mentioned therein, subject to the condition, however, that the intention that he is to be so bound be apparent from the contract after the application of the accepted rules of construction, which, when applied to the instrument before us, clearly indicates to this court, and was found by the trial court to indicate, that it was the intention, at least of the motor company, that both signers be bound thereby. 13 C. J. 573 contains the following statement:

"Where a contract is unilateral and contains promises only in favor of the party to whom it is delivered, or in whose favor it is made, the person signing and delivering it will be presumed to intend to bind himself to the performance of the promises, although he is not named in the body of the instrument." See cases cited thereunder.

If there was any ambiguity in the instrument or questions of fact relative to the representations relative thereto, the trial court found all of such facts to be in favor of the defendant in error. This court has repeatedly held that where a law action is tried before a court without a jury, this court on appeal will not reverse the judgment because of insufficiency of the evidence where there is any competent evidence reasonably supporting the same.

The plaintiff in error contends that the words "official title, if company," appearing under the line on which he signed, had some implication or bearing upon the liability incurred by such signature. This court has held in Janes v. Citizens Bank of North Enid, 9 Okla. 546, 60 P. 290, that, as a general rule, extrinsic testimony is not admis-

sible to explain or vary the terms of a negotiable instrument, but this general rule is subject to the reasonable exception that where anything appears on the face of the instrument which suggests a doubt or ambiguity as to the party bound or the character in which any of the persons who signed the instrument acted, parol testimony is admissible, as between the original parties, for the purpose of showing the true intent and meaning of the parties. While that particular case dealt with negotiable instruments, the same rule has been followed many times since then by this court, and we know of no reason why the same rule should not apply to the instrument under consideration here if the words "official title, if company" created any ambiguity. It is our opinion that they did not, but assuming that an ambiguity was created thereby, the plaintiff in error offered no testimony to establish the fact that he signed in any capacity other than his individual capacity, and the trial court in its holding must have found that the plaintiff in error did not intend to sign other than as an individual. We therefore conclude that this contention raised by the plaintiff in error is without merit.

The first four errors assigned by the plaintiff in error all go to the sufficiency of the evidence to support a judgment against the plaintiff in error, Stoutz, and have been considered in the preceding portion of this opinion.

The next four errors assigned by plaintiff in error deal with the admissibility of testimony. All of said errors relate to statements made, or purported to have been made, prior to the execution of the instrument in question, and this court finds no error in the rulings of the trial judge with reference thereto, inasmuch as the terms of the written instrument superseded all oral statements made prior to its execution.

The last four errors assigned by the plaintiff in error deal with the question of whether or not it was proper for the plaintiff in error to raise the question of the corporate capacity of the Wilson Motor Company to maintain this action for the first time at the trial of the case. This court has repeatedly held that in actions brought by corporations, the corporate existence of the plaintiff alleged in the petition is admitted by the defendant unless such existence is expressly denied in the answer or by special plea of the opposing party, having stated this rule as follows:

"Under section 5311, C. O. S. 1921, in order to put the existence of a corporation in issue, the answer must expressly aver, under oath, the nonexistence of said corporation; and where the existence of a corporation is alleged in the petition, a verified general denial is not sufficient to deny the existence of said corporation." McMurray v. Witherspoon Live Stock Commission Co., 132 Okla. 100, 269 P. 357.

Also:

"The point that plaintiff is not a corporation should be raised by special plea in the nature of a plea in abatement. If it is not so raised before pleading to the merits, the question is waived. By pleading to the merits a defendant admits plaintiff's capacity to maintain the action." Leader Printing Co. v. Lowry, 9 Okla. 89, 59 P. 242.

See, also, Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 P. 224.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. D. Ellison, V. P. Crowe, and J. Cal Counts in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ellison and approved by Mr. Crowe and Mr. Counts, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., dissents.