SMS MANUFACTURING COMPANY, Inc., a corporation; and Manly M. Moore, individually, Appellants,

v.

U. S.–MENGEL PLYWOODS, Inc., a corporation, Appellee.

No. 4950.

United States Court of Appeals, Tenth Circuit.

Feb. 9, 1955.

Phil E. Daugherty, Oklahoma City, Okl. (Ames, Daugherty, Bynum & Black, Oklahoma City, Okl., was with him on the brief), for appellants.

James D. Fellers and J. H. Hewett, Oklahoma City, Okl. (James U. Smith, Jr., Louisville, Ky., and Mosteller, Fellers, Andrews & Loving, Oklahoma City, Okl., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This was an action instituted by U. S.-Mengel Plywoods, Inc., a corporation, against SMS Manufacturing Company, Inc., a corporation, and Manly M. Moore. The defendant Moore was president and manager of the defendant SMS Manufacturing Company. The action was to recover against the defendant SMS Manufacturing Company on account for goods, wares, and merchandise sold and delivered to it, and to recover against the defendant Moore upon his guarantee of the account. An itemized, verified statement of the account, an invoice and the guarantee or a copy thereof, were attached to the complaint. By answer, the defendant SMS Manufacturing Company admitted that it placed with plaintiff an order for certain cut plywood material in groups of special cut sizes but alleged that without the consent of such defendant plaintiff shipped material of different dimensions from that specified in the order which rendered all items shipped unusable and worthless to such defendant, and it further pleaded that by stenciling with ink shipping orders on the edges of some of the items of material all of the material was rendered unfit and unusable for the purposes for which it had been ordered. By separate answer, the defendant Moore admitted that he executed the written guarantee referred to in the complaint but denied that the defendant SMS Manufacturing Company was indebted to plaintiff in any amount; and for further answer and defense, he adopted many of the material allegations contained in the answer of his co-defendant.

The depositions of the defendant Moore, Fred B. Ringwald, branch manager of plaintiff at Oklahoma City, and William L. Perkins, salesman for plaintiff at Oklahoma City, were taken; and in connection with the taking of such depositions, certain documents and correspondence were identified and established in respect to authenticity. Plaintiff filed a motion for summary judgment in its favor on the ground that the pleadings, exhibits, and deposition showed that the plaintiff was entitled to judgment as a matter of law. Defendant filed a motion for leave to file amended answers and cross bills. The court denied leave to file amended answers and cross bills and entered summary judgment for plaintiff. Defendants appealed; and for convenience, continued reference will be made to the parties as plaintiff and defendants, respectively.

Defendants advance the contention that the entry of summary judgment is proper only where there is no issue to be resolved by evidence; that there were differences between plaintiff and defendants in respect to facts which could be determined only by evidence; and that therefore the entry of the summary judgment constituted error. Certain definite landmarks have been blueprinted for guidance in determining the question whether summary judgment should be entered. Federal Rules of Civil Procedure, rule 56(c), 28 U.S.C. authorizes the entry of summary judgment if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The purpose of the rule is to provide against the vexation and delay which necessarily come from the formal trial of cases in which there is no substantial issue of fact. Its objective is to permit the expeditious disposition of cases of that kind. But the procedure is not to be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends, and it should be invoked with due caution to the end that

litigants may be afforded a trial where there exists between them a bona fide dispute of material facts. If it affirmatively appears however from the pleadings, the admissions, the depositions, and the affidavits, if any, that there is no genuine issue as to any material fact upon which the outcome of the litigation depends, the case is appropriate for disposition by summary judgment and it becomes the duty of the court to enter such judgment. Brooks v. Utah Power & Light Co., 10 Cir., 151 F.2d 514; Schreffler v. Bowles, 10 Cir., 153 F.2d 1, certiorari denied, 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640; Avrick v. Rockmont Envelope Co.; 10 Cir., 155 F.2d 568; Fife v. Barnard, 10 Cir., 186 F.2d 655; Zampos v. United States Smelting, Refining & Mining Co., 10 Cir., 206 F.2d 171.

◼ Plaintiff being the party litigant moving for summary judgment, the burden rested upon it to show in the manner required by Rule 56(c), supra, that there was no genuine issue respecting any material fact upon which the outcome of the litigation depended, and that plaintiff was entitled to judgment in its favor. There were no affidavits. From the pleadings, the depositions, and the admissions, these facts appeared without challenge or controversy. As ordered, a specified number of a certain kind of units or pieces of the material were to be 12½ inches in length. As performance of that part of the order, approximately one-half of the number of that particular kind of units or pieces were delivered, and they were 25⅜₆ inches long instead of 12½ inches. In order to make that material conform to the order in respect to length, it would have been necessary to saw it in two at the center. The order was silent in respect to the material bearing stencil markings. As furnished and delivered, some of such material was strapped in bundles and bore stamped in stencil marking on the edges the name of the consignor, the name of the consignee, the size, and the number of pieces. In order to make such material suitable for its intended use, it

would have been necessary to remove the stenciling by sanding it off. The material was delivered to the defendant SMS Manufacturing Company on June 30, 1953. About two weeks after the delivery of the material, the defendant Moore learned that some of it was 25⅜₆ inches in length instead of 12½ inches, and that some of it bore the stencil markings. About July 10 or 15, the branch manager of plaintiff in Oklahoma City called the defendant Moore on the telephone with respect to payment of the account. In the conversation, the branch manager offered the availability of a two percent discount even though under the terms of the contract the time for such allowance had passed. In response, the defendant Moore said in substance that he was not in position to pay the account and would prefer to use the full thirty days for payment without any discount. Sometime in the early part of August, the branch manager called the defendant Moore again about payment of the account. In response, the defendant Moore asked for a further extension of time. On September 23, the defendant Moore, as president of the defendant corporation, wrote plaintiff a letter in which it was stated among other things that they thought they would be able by that time to take care of the account in part but were unable to do so; that they felt plaintiff was entitled to further information concerning their operations and financial condition and therefore they were enclosing a financial statement of the defendant SMS Manufacturing Company, also a profit and loss statement for August; that their sales for June, July, and August were less than they expected; that had they not anticipated their sales to be much larger than they were, the material in question would not have been ordered until some four months later; that they realized they overbought because of over-estimating just what their sales and shipments would be; that their current liabilities or accounts payable were shown in the financial statement; that they expected to meet such liabilities or ac-

counts payable with the proceeds of an individual loan to the capital structure of the corporation, a small loan from a local bank, the sale of additional stock, and accounts receivable; that application had been made for a loan and they had been told that it would be granted when other conditions had been met; that it would be greatly appreciated if plaintiff would allow them to pay one-half of the account during the last half of October and the other one-half during November; that the request was an imposition upon plaintiff; and that they were willing to pay a reasonable amount of interest from the date due. The financial statement enclosed with the letter included by name and amount the account due plaintiff as a liability. By letter dated October 5, the defendant Moore stated to plaintiff that he had previously executed an agreement guaranteeing the account of the defendant SMS Manufacturing Company; that he understood such corporate defendant had requested an extension of time for the payment of the account which was then due; that as guarantor, he thereby joined in the request for an extension of time in which to pay; and that any extension which might be granted would not affect in any manner his liability to plaintiff under the guaranty agreement. The defendant SMS Manufacturing Company retained the material and did not tender it back to plaintiff until after the institution of this action. There was no dispute or controversy in respect to these facts. They were disclosed—without challenge or contradiction—by the pleadings, the depositions, and the admissions. If the case had been tried, there would not have been any issue concerning them for determination by the court or the jury.

■ For the purposes of this case, it may be conceded without so deciding that the furnishing of a portion of the material 25%16 inches in length instead of 12½ inches, and the furnishing of some of the material bearing the stencil markings, constituted a breach of the agreement between the parties. By retaining the material, by failing to tender it back to plaintiff until after the institution of the suit, by including the account as an item of liability in the fianancial statement furnished plaintiff, by seeking an extension of time within which to pay the account, and by offering to pay interest on the account from the time it was due in the event such extension was granted, all with knowledge of the asserted defects in the material, defendants waived such defects. In other words, by their acts and conduct defendants waived the asserted breach of the contract and cannot now escape liability for the purchase price of the material on account of it. McMurray v. Witherspoon Live Stock Commission Co., 132 Okl. 100, 269 P. 357.

■ The summary judgment is challenged on the further ground that the denial of the motion for leave to file amended answers and cross bills constituted error. A proposed joint amended answer and cross bill was tendered with the motion. In the proposed joint pleading, the defendants repleaded all of the allegations contained in their previous separate answers; and then they sought to recover for the freight paid on the material in question and for the reasonable value of the space occupied by such material in the warehouse of the defendant SMS Manufacturing Company. The essence of the cause of action pleaded in the cross bill was the breach of the contract and two resulting elements of damage. The breach was the furnishing of a portion of the material 25%16 inches in length rather than 12½ inches and the stencil markings on a portion of the material. And the two elements of damage were the freight paid on the material and the reasonable value of the space occupied by such material in the warehouse. In order to recover upon the cross bill it would have been necessary for defendants to prove the breach with resulting injury for which reparation should be made in the form of damages. For the reasons already indicated, it was apparent from the pleadings, the depositions, and the

admissions on file, that the defendants had waived any breach of the contract due to defects in the material furnished. And since the asserted breach had been waived, the defendants as a matter of law could not recover for freight paid on the material or for space occupied by the material in the warehouse. If the amended answer and cross bill had been filed, plaintiff still would have been entitled to summary judgment. Therefore, the denial of the motion for leave to file did not constitute error.

The judgment is affirmed.