## N. S. SHERMAN MACHINE & IRON WORKS v. R. D. COLE MFG. CO.

No. 4581.   Opinion Filed September 21, 1915.

(151 Pac. 1181.)

1. **DEPOSITIONS—Admissibility in Evidence—Narrative Form.** A deposition is a written declaration under oath, made upon notice to the adverse party, for the purpose of enabling him to attend and cross-examine; but there is no requirement that depositions should be in the form of a question and answer, and they will not be suppressed because given in narrative form.

2. **APPEAL AND ERROR—Continuance—Discretionary Ruling.** Continuances for the absence of witnesses, or of a party to the action, are addressed largely to the discretion of the trial court; and this court will not review such discretion, unless it has been abused.

3. **CONTINUANCE—Discretion—Denial.** On the day of the trial, the defendant offered an affidavit for continuance, on the ground that defendant was a material witness, setting out what he expected to show by him, but alleging that the defendant was prevented from attending by reason of the interruption of direct railroad communications. Attached to this affidavit was an unverified statement by a doctor, saying that owing to the defendant's condition, in his judgment, it would be injurious for him to make a long trip. There was no allegation in the affidavit that the attorney required the presence of the defendant to aid in the case, other than as a witness. **Held** no abuse of discretion in refusing the continuance, where the court allowed the facts set up in the affidavit to be read as a deposition.

4. **APPEAL AND ERROR—Presentation for Review—Ruling on Evidence—Brief.** The action of the trial court in the admission or exclusion of evidence will not be reviewed by this court, unless the evidence is set out in the brief, as required by rule 25 of this court (38 Okla. x, 137 Pac. xi).

5. **ACCOUNT, ACTION ON—Verified Account—Direction of Verdict.** Evidence in this case examined, and **held** to justify the court in directing a verdict for the plaintiff.

(Syllabus by Devereux, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the R. D. Cole Manufacturing Company against the N. S. Sherman Machine & Iron Works. Judgment for plaintiff, and defendant brings error. Affirmed.

This was an action on an account alleged to be due from the plaintiff in error to the defendant in error for $3,204.46. The petition attaches a verified copy of the account, which was for one 75,000 gallon steel tank, with balcony cover and expansion joint, for the price of $3,300, and showing credits, reducing the amount to that sued for. The defendant, by verified answer, pleaded a general denial, and by way of cross-petition claimed damages; but, in the view we take of this case, it is not material to set them out in detail. When the case was called for trial, the defendant below filed an affidavit for a continuance on the ground that the defendant, N. S. Sherman, was absent, and, owing to floods and to his health, he was unable to be present. This affidavit set out what the testimony of Mr. Sherman would be, and the reason for his absence. Attached to this affidavit is the following certificate by a doctor:

"Oliver C. Black, American Nat. Bk. Building, Oklahoma City: Mr. N. S. Sherman's condition is such that in my judgment it would be injurious for him to make a long trip at present.

"ROBIN T. MASON, M. D."

Also a telegram, dated at Memphis, Tenn., April 20, 1912, as follows:

"N. S. SHERMAN, JR., OKLAHOMA CITY, OKLA: No trains out of here for Oklahoma. Am in no condition to go by St. Louis. Hope to be in condition to be there by the first. See no reason, under the circumstances, why it cannot wait a week. See letter.

"N. S. SHERMAN."

The court refused to allow a continuance, but admitted the affidavit to be used as a deposition.

In making its case the plaintiff introduced certain depositions, and before the trial the defendant moved to suppress them, because they were in narrative form, and not in the form of question and answer. The court excluded certain parts of the evidence contained in the depositions, but denied the motion to suppress them entirely. At the close of the evidence the court charged the jury that the defendant had failed to show any ground of defense to the plaintiff's cause of action, and directed a verdict for the plaintiff, to which exceptions were duly saved, and the defendant below brings the case to this court by petition in error and case-made.

*Oliver C. Black,* for plaintiff in error.

*Douglas B. Crane,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The first assignment of error argued in the briefs is that the court refused to suppress the depositions which were given in narrative form, and not by question and answer. Rev. Laws 1910, sec. 5069, provides:

"A deposition is a written declaration, under oath, made upon notice to the adverse party for the purpose of enabling him to attend and cross-examine, or upon written interrogatories."

We know of no provision of our statute rendering a deposition void unless taken in the form of question and answer, and in the absence of such provision we know of no reason why a deposition given in narrative form is not valid. In *Hendricks v. St. Louis Transit Co.,* 124 Mo. App. 157, 101 S. W. 675, it is held that depositions need

N. S. Sherman Machine & Iron Works v. R. D. Cole Mfg. Co.

not be in the form of question and answer, but, if taken in narrative form, they are sufficient.

The next assignment of error is that the court erred in not granting a continuance on the application of the defendant. Rev. Laws 1910, sec. 5044, provides:

"The court may, for good cause shown, continue an action at any stage of the proceedings, upon such terms as may be just. When a continuance is granted on account of the absence of evidence, it shall be at the cost of the party making the application, unless the court otherwise order."

Under this section, a continuance for the absence of evidence is very largely in the discretion of the trial court, and this court will not reverse the action of the trial court, unless there is a palpable abuse of discretion, and under the showing made we cannot say that there was any abuse of discretion in this case. The affidavit was admitted as a deposition, and under the showing this was all the defendant could reasonably ask. It is true that one of the absent witnesses was the defendant, but the affidavit for continuance does not state that his presence was necessary for the purpose of assisting counsel to properly present the case. The only ground set out is that Sherman is a material witness. The case, therefore, does not come within the rule laid down in *McMahan v. Norick,* 12 Okla. 125, 69 Pac. 1047. In that case the facts were, as stated by the court:

"The affidavit of the physician stated that the plaintiff in error was in a condition of pregnancy which had progressed for a period of over seven months, that at said time she was afflicted with a case of acute cystitis, and that her condition was such that she could not attend court on the 1st day of December, 1900, the day that this case was set for trial. The physician further testified

that it would not be advisable for her to attempt to attend court during said term, which he was informed closed on December 17, 1900.   The attorney for plaintiff in error testified that he could not proceed with the trial of said cause on account of the absence of the plaintiff in error, who was one of the defendants in said cause, and a material witness in her own behalf.   [The facts to which she would testify were then fully set forth in the affidavit.]   And it was further stated in said affidavit that the said facts could not be proven by any other witness, and counsel could not safely proceed with the trial of said cause without the presence of the plaintiff in error to aid him in properly presenting the case to the court, and that said application was made in good faith, and if said cause was continued until the next term of court the attendance of said plaintiff in error could be procured."

In that case the physician filed an affidavit specifically setting out the sickness of party, and giving his reasons under oath, why she should not attend the trial at that time.   In the case at bar, the physician writes a letter, not under oath, only saying that in his judgment it would be injurious for Mr. Sherman to make a long trip.   In the McMahan Case, counsel filed an affidavit that he could not proceed safely to trial without the presence of the plaintiff to aid him in the conduct of the case.   This allegation is not contained in the affidavit now under consideration; the only ground being that Sherman was a material witness.   In *Kelley v. Wood*, 32 Okla. 104, 120 Pac. 1110, the application for a continuance was made because Kelley, the defendant, was not present.   It is true the application in that case was very informal, but in laying down the general principle the court says:

"The granting or refusing of a continuance is within the sound judicial discretion of the trial court; and unless it appears that there was an abuse of such discretion the

order of the trial court in such matters will not be disturbed by the Supreme Court on appeal."

See, also, *Jennings v. Dyer,* 41 Okla. 468, 139 Pac. 250.

We cannot say that there has been any abuse of discretion, and this assignment of error will be overruled.

The next assignment of error is that the court erred in admitting evidence on the part of the defendant in error. The brief does not specify what evidence was erroneously admitted. Rule 25 (38 Okla. x, 137 Pac. xi) in part provides:

"When a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto."

This rule has not been complied with, and this assignment of error will not be considered. *Avants v. Bruner,* 39 Okla. 730, 136 Pac. 593; *Collier v. Gannon,* 40 Okla. 275, 137 Pac. 1179.

The last assignment of error is that the court erred in directing a verdict for the plaintiff. We have carefully read the entire evidence in this case, and are of the opinion that there was no evidence offered by the defendant to controvert the right of the plaintiff to recover. The verdict and judgment, as it appears from the record, are entirely just. See *Moore v. Leigh-Head Co.,* 48 Okla. 422, 149 Pac. 1129.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.