## CHORTNEY v. CURRY.

No. 11457—Opinion Filed April 29, 1924.

1. **Continuance—Absent Witness—Lack of Diligence.**

A party to an action is not entitled to a continuance on account of the absence of the witness, where the witness does not reside in the county, and the party seeking the application has known for some time his location and what his testimony would be, and where no effort has been made to secure the testimony by deposition.

2. **Same — Discretion of Trial Court—Appeal.**

A party to an action is not entitled to a continuance on account of the absence of a witness residing in the county where the

party seeking the continuance has not caused subpoena to be served upon the witness requiring his attendance, and such witness has been amenable to the process of the courts for some time prior to the date of the trial. The ruling on a motion for continuance will not be disturbed on appeal, unless it appears there has been an abuse of the discretion that the trial judge may exercise in such matters, as motions for continuance are addressed to the sound discretion of the court.

### 3. Appeal and Error—Questions of Fact—Verdict.

In the trial of a disputed question of fact the jury is the sole judge of the weight and credibility of the various witnesses, and its decision upon questions of fact will not be disturbed by this court, if there is any testimony that reasonably tends to support the verdict.

### 4. Same.

On appeal this court will not weigh conflicting evidence and reverse the cause, even if it might have arrived at a different conclusion in the first instance, as the jury has the benefit of observing the manner and demeanor of the witness while testifying, and his interest, if any, in the outcome of the suit, which elements in some instances may be entitled to greater weight than the spoken words of the witness.

### 5. Same—Judgment Sustained.

We have carefully examined the record in this cause and find that the verdict of the jury is fairly supported by the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Mose Chortney against Ash Curry for malicious prosecution. Judgment for defendant. Plaintiff brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

J. Q. A. Herrod, for defendant in error.

Opinion by STEPHENSON, C. Plaintiff commenced his action against the defendant in the district court of Lincoln county for malicious prosecution based on the claim that the defendant procured the filing of a complaint against the plaintiff for the sale of whisky to the defendant's minor son. The criminal complaint was dismissed by the county attorney. The answer of the defendant set forth that he accompanied his son to the county attorney's office, where the facts concerning the alleged sale of whisky to his son were detailed by the latter to the county attorney, and that the full facts concerning the transaction were submitted to the county attorney, and that he acted in good faith in taking his minor son before the county attorney in connection with the alleged wrongful sale of said intoxicants. The cause was tried to a jury and verdict was returned in said cause for the defendant.

The plaintiff has brought error to this court and seeks to have the judgment of the trial court set aside upon the following grounds:

1. That the court erred in overruling plaintiff's motion for continuance on account of absence of witnesses.

2. Error in the court's instructions to the jury.

3. The admission of incompetent evidence.

4. That the verdict of the jury is not supported by sufficient evidence.

When the case was called plaintiff sought continuance on account of the absence of a certain witness in another county. The case had been pending for several months and the application for continuance would indicate that plaintiff knew what the witness would testify to, if present, at the time he filed his suit. The plaintiff did not make any effort to procure the testimony of the witness by deposition nor offer any excuse as to his failure to so do. The plaintiff was not entitled to continuance upon this showing. The county attorney whose evidence was desired was a resident of the county and the plaintiff could have caused service of subpoena on the desired witness The application did not show the issuance or service of subpoena upon the witness, and insufficient showing was made to excuse such failure in view of the fact that the witness was a resident of the county at all times, and amenable to the process of the court. So far as it appears from the application the plaintiff should have known of his desire to use the witnesses even at the time suit was filed.

The plaintiff was not entitled to a continuance upon either of the grounds, and the trial court did not commit error in overruling the motion for continuance. Butt v. Carson, 5 Okla. 160, 48 Pac. 182; McCann v. McCann, 24 Okla. 273, 103 Pac. 694; Wood v. French, 39 Okla. 685, 136 Pac. 734; Sherman Machine and Iron Works v. R. D. Cole Mfg. Co., 51 Okla. 353, 151 Pac. 1181.

The complaint is made that the verdict of the jury is not supported by sufficient testimony. There was testimony offered by the

defendant in support of the answer, and we may add that the verdict of the jury appears to be fairly supported by the record.

This court has announced the rule that when the verdict of the jury is questioned upon appeal, it is entitled to all permissible inferences that may be drawn from the evidence, and that as the jury is the sole judge of the facts, the verdict of the jury will not be disturbed if there is any testimony that reasonably tends to support the verdict.

The rule further requires that all testimony supporting the verdict be accepted as true in reviewing the judgment of this court. Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381; C., R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096; Kinney v. Williams, 66 Okla. 167, 168 Pac. 196; State Bank of Caddo v. Arlington, 68 Okla. 160, 172 Pac. 462.

Nor will this court weigh conflicting evidence to determine whether it would have reached a different conclusion than that found by the jury, as the jury not only has the benefit of the evidence, but the manner and demeanor of the witnesses while testifying, and the degree of interest, if any, manifested in the outcome of the trial, which element may weigh heavier than the spoken words of the witnesses. Cavanaugh v. Johannessen, 57 Okla. 149, 156 Pac. 289.

We have carefully examined the record, and find that the trial court did not commit error in the submission of the cause to the jury, as same was fairly submitted in all matters. There are other errors assigned, but we do not deem it material to consider the same in view of the decision already reached in this cause.

We therefore recommend that this cause be affirmed.

By the Court: It is so ordered.