## SHAW v. STEVENSON.

No. 16905.—Opinion Filed Sept. 14, 1926.

1. **Appeal and Error—Review—Sufficiency of Evidence in Law Action.**

In a law case this court will not consider the weight of the evidence, but if there is any competent evidence reasonably tending to support the verdict of the jury, decision, or judgment of the court, the same will not be disturbed on appeal.

2. **Continuance—Discretion of Court—Consent to Treat Allegations of Affidavit as Deposition of Absent Witness.**

An application for a continuance, on the ground of absent witness, under section 584, C. S. 1921, invokes the sound and reasonable discretion of the trial court, but where the adverse party consents that, on the trial of the case, the facts alleged in the affidavit for the continuance shall be read and treated as the deposition of the absent witness, the rule of discretion ceases to operate, and continuance should not be granted.

3. **Depositions—Sufficiency of Notice—Effect of Attendance by Attorney.**

Where notice is given to take depositions in the neighborhood of the adverse party's attorney, and one and one-half days for preparation and attendance are given, exclusive of Sunday and the day of service, and said attorney appears at the taking of the depositions and cross-examines the witnesses, there is no ground for complaint that the notice was not sufficient, and it is not error to overrule objections to the depositions on this ground.

4. **Negligence—Evidence to Support Allegation of Attractive Nuisance.**

Where the petition alleges an attractive nuisance, it is not error to permit testimony showing that young children, other than the one injured, lived and played in the neighborhood of the attraction.

5. **Appeal and Error—Necessity for Pointing Out Error—Lack of Evidence to Support Instructions.**

Where error is predicated upon certain specified instructions, on the ground same are not supported by the evidence, such error must be made to appear from the record, must be pointed out with particularity, otherwise the complaint will be disregarded by this court, and if pointed out with particularity, this court will examine the whole record to determine whether or not the complaint is tenable.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Latimer County; D. C. McCurtain, Judge.

Action by Solas Stevenson, an infant, by his father and next friend, G. R. Stevenson, against J. G. Shaw, for damages on account of personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

Philos S. Jones, for plaintiff in error.

Monk & McSherry, for defendant in error.

Opinion by THREADGILL, C. This action was bought by defendant in error as plaintiff against plaintiff in error as defendant, and the parties will be referred to herein as they appeared in the trial court.

The petition was filed July 15, 1922. Plaintiff alleged, in substance, that on March 6, 1922, he was an infant, ten years of age, and his father, G. R. Stevenson, as his next friend, brings the suit for his benefit; that the defendant, John G. Shaw, was owner and in possession of a ranch and operated a corn crusher thereon near to the box-car house where plaintiff lived with his father and mother. His father worked on the railroad section; that said corn crusher was used in crushing and grinding corn for cattle feed, and was operated by horse power attached to a lever that pulled in a circle and caused the machine to revolve on cogs near the ground; there was a hopper above the cogs that received the corn to be crushed. This machinery was located near the house and yard of the plaintiff, and was a thing of attraction to children, and excited the curiosity of plaintiff as a child of tender years; that said machinery was under the supervision of a man by the name of Mame Briggs, who

was in the employ of the defendant; that this man Briggs negligently invited and permitted plaintiff to get upon the side of said machine while same was in motion, and that said plaintiff fell off of said machinery and onto that part near the ground where the cog wheels turned, and his feet and legs were caught in the cog wheels, and the left leg was cut and broken and bruised and torn and gashed above the ankle and the bones were broken, and the right leg was broken, thereby injuring him permanently, and making him a cripple for life; that defendant Shaw knew that this machinery was near the yard and playground of the plaintiff, and that plaintiff was attracted by said machinery and was in the habit of going near to it. That defendant's negligence was wilful and wanton; that plaintiff's damages were $25,-000, for which he prayed judgment. There was a demurrer to the petition which was overruled.

Defendant filed answer, consisting of a general denial, a plea of contributory negligence, and that plaintiff was a trespasser; that he had often been ordered away from the machinery and premises where same was located, and said plaintiff had often refused to go away. There was a reply of general denial. On September 6, 1922, plaintiff served notice on defendant to take depositions in the law office of Ira C. Haycock in Wilburton on September 8, 1922, and the attorneys for both parties appeared, and the deposition of Mame Briggs was taken. This deposition was in favor of plaintiff. Thereafter the cause was tried and it appears that said Briggs was a witness in the case. The deposition was not used. The jury could not agree, and the result was a mistrial. Again the case was set for trial for May, 1925, and on April 24, 1925, defendant made application by affidavit for a continuance on the ground that Mame Briggs was then a resident of Pushmataha county, and was sick in bed, and not able to attend court, but if the case was continued, he could have said witness before the court at a future time. Then he set out what he expected to prove by the witness, all of which was favorable to him. The attorney for plaintiff admitted that if the absent witness were present in court he would testify to the facts set out in the affidavit for a continuance. The court overruled the application for continuance, and the defendant excepted. The cause came on for trial May 1, 1925, before a jury, and the deposition of the witness was introduced as evidence on the part of plaintiff, and the affidavit for continuance was read as evidence on the part of defend-

ant, and the testimony of other witnesses was introduced on both sides, and the trial resulted in a verdict and judgment for plaintiff in the sum of $500, and defendant has appealed asking for a reversal. Defendant states ten assignments of error and discusses some of them under what he calls "five propositions."

(1) It is contended under the first proposition that the court erred in not sustaining defendant's demurrer to the evidence because of the insufficiency of its weight, and further that the verdict of the jury should not have been permitted to stand because it was contrary to, and against the law of, the case.

Defendant fails to point out the insufficiency of the weight of the evidence, and fails to cite any authority authorizing this court to consider the weight of the evidence in a law case such as this is. The rule is, if there is any competent evidence reasonably tending to support the verdict of the jury, decision, or judgment, of the court, this court on appeal will not disturb the same. Defendant fails to point out in what particular the verdict is contrary to and against the law of the case, and fails to cite any authority in support of his statement, and this court must presume that the verdict is in accord with the law until it is made to appear otherwise by the complaining party, and it is not enough to make the bare statement that the verdict is against the law, but the facts must be stated and the law applicable so this court can determine definitely what is meant by this statement. Counsel in preparing their briefs should follow rule 26 of this court. No error being made to appear under this proposition, defendant's contention is overruled.

(2) Defendant's second contention is that the court erred in overruling his application for a continuance. It appears from the record that the witness, Mame Briggs, resided out of the county where the action was pending, and when defendant made application for a continuance, that the plaintiff consented that on trial of the case the facts alleged in the affiadvit should be read and treated as the deposition of the witness, and thereupon the court overruled the application, and the affidavit was read by defendant in the trial. Section 584, Compiled Statutes 1921, provides as follows:

"Motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must

show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If, thereupon, the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence."

This court has often passed on the question involved here against the contention of the defendant. Chandler v. Colcord, 1 Okla. 260, 32 Pac. 330; N. S. Sherman M. & I. W. v. R. D. Cole Mfg. Co., 51 Okla. 353, 151 Pac. 1181; Chortney v. Curry, 99 Okla. 69, 225 Pac. 950; Wood v. French, 39 Okla. 585, 136 Pac. 734.

(3) Defendant's third contention is that the court erred in permitting the plaintiff to introduce the deposition of Mame Briggs taken September 8, 1922. The ground of this contention is that sufficient notice was not given. The record shows that the notice was given Philos S. Jones, attorney for the defendant, in Wilburton, September 6, 1922, to take depositions at one o'clock p. m. on September 8, 1922, at the law office of Ira C. Haycock in Wilburton, Okla. Defendant says this time was too short. Now, if we exclude the sixth day, the day upon which the notice was given, this would leave us all of the seventh day, and up to one o'clock of the eighth for preparation, and for reaching the place of taking the depositions. The record shows that counsel for defendant was present at the taking of the deposition and cross-examined the witness. Section 618, Compiled Statutes 1921, provides:

"The notice shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, and one day for preparation, exclusive of Sunday and the day of service."

It does not appear from the facts in the case that this statute was violated in taking the deposition, and defendant's contention must fail.

Plaintiff calls our attention to the fact that the only objection offered to the admission of the deposition was an oral objection made at the time of the offer, and he contends that, under section 631, Compiled Statutes 1921, the objection was not sufficient to invoke the rule of the court against the admission of the deposition, citing St. Louis & S. F. Ry. Co. v. Morse, 38 Kan. 271, 16 Pac. 452; Bagg v. Shoenfelt, 71 Okla. 195, 176 Pac. 511; Wichita Falls & N. W. Ry. Co. v. Davern, 74 Okla. 151, 177 Pac. 909. We think the record bears out the contention of plaintiff and the law cited is applicable to the contention.

(4) Defendant's fourth contention goes to error of the court in permitting the mother of plaintiff to tell the names and ages of her five children, at the time of the injury complained of, which ages ranged from 14 to 3 years. He says the ages of the children, other than that of Solas, were irrelevant, incompetent, and immaterial, being outside the issue, and in violation of the fundamental principles of evidence. An examination of the record shows that this evidence was within the issue of attractive nuisances as stated in the fifth paragraph of the petition. This evidence, in connection with all the other facts and circumstances, was competent to show that young children resided in the neighborhood of the machinery operated by defendant, and he could have anticipated that they would be attracted to it, and it was necessary to guard against this natural instinct of young children, and it was for the jury to say whether or not he performed his duty. Sioux City & Pac. Ry. Co. v. Stout, 17 Wall, 657, 21 L. Ed. 745; Edgington v. Burlington, C. R. & N. R. Co., 116 Iowa 410.

(5) Defendant's fifth contention goes to error of the court in giving certain numbered paragraphs of the instructions, on the ground that they were not supported by the evidence. We have carefully examined these instructions, together with the other paragraphs of the instructions, and we think they fully cover the case, and are reasonably supported by the record and are substantially correct.

We are of the opinion that defendant had a fair trial, and the amount of the damages awarded against him, under the facts and circumstances of the case, was very small indeed.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. 193; 1 R. C. L. Supp. 432; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79. (2) 13 C. J. p. 195, §151   (3) 18 C. J. p. 668. § 164.   (4) 29 Cyc. p. 607.   (5) 3 C. J. p. 1376, § 1524.