## ANDERSON v. MALONE.

No. 20485. Opinion Filed Jan. 5, 1932.

Charles A. Chandler and Eliot D. Turnage, for plaintiff in error.

Bower Broaddus, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Muskogee county by plaintiffs in error, Lizzie Anderson, a minor, by Bertha Anderson, her guardian, appellants in the trial court, against Lewis B. Malone, former guardian, respondent in the trial court, defendant in error herein, by filing in said court a transcript of record of probate proceedings from the county court to review the judgment of the county court approving the final report of the former guardian, Lewis B. Malone, defendant in error herein, to which final report the plaintiffs in error herein had filed their exceptions thereto. Upon a hearing of said cause the district court rendered judgment approving the final report of the former guardian, defendant in error herein. Plaintiffs in error, appellants below, filed motion for new trial, which was overruled, to which they excepted and gave notice of appeal, and bring the cause here for review.

The plaintiffs in error presented their contentions under two issues:

"(1) Did the trial court abuse its discretion in refusing to allow said minor a

continuance as prayed for by affidavit duly filed?

"(2) Is the judgment of the trial court sustained by the evidence?"

The record discloses that on the date the cause came on for trial in the trial court plaintiffs in error herein filed affidavit for continuance for a period not in excess of two weeks, to permit preparation for trial and to procure the testimony of a witness, O. B. Mickle.

The affidavit for continuance set out, in substance:

"That prior to the 17th day of December, 1928, this matter had been tentatively agreed to be tried at different dates, by oral agreement between said affiant and Bower Broaddus, attorney for Lewis B. Malone, guardian, but that by oral agreement between said parties said case had been continued from time to time; that the last time of an oral agreement between said attorneys no definite date was set for said trial; it being orally agreed by and between said attorneys, in effect, that they would agree upon an early date for trial as soon as convenient after the disposition of a certain case then pending in the United States District Court for the Eastern District of Oklahoma, in which case both of said attorneys were interested.

"That said Chandler, attorney for the aforesaid minor, had not agreed, and had no definite notice that this matter had been set down for trial on the 19th day of December, 1928, at 9 o'clock a. m. until sometime about noon on the 18th day of December, 1928, at which time he did receive the notice from said attorney Broaddus dated December 17, 1928, postmarked at Muskogee, Okla., 7:30 p. m. December 17, 1928, advising that said case was definitely set for trial on said 19th day of December. Copy of said letter and of said envelope enclosing same are hereto attached. * * *

"That said Chandler was continuously engaged in the above-mentioned suit in said federal court continuously from the 12th day of December, 1928, until late in the afternoon of December 20, 1928.

"That said Chandler appeared before the Hon. W. J. Crump, district judge, on or about 9 o'clock a. m., on said 19th day of December, 1928, and advised said judge in the premises, and requested a continuance of said matter for a reasonable time to permit said attorney to procure necessary witnesses and evidence and to make necessary preparation for trial, but that said district judge, over the protest and objections of said attorney, set this matter for trial on the 22nd day of December, 1928, at the hour of 1:00 p. m."

Further set out that said minor was without funds to employ other counsel, that counsel had represented said minor and had not received any compensation.

Further set out what plaintiffs in error expected to prove by the absent witness, O. B. Mickle, who lived in another county, regarding the purchase of lands with funds of the minor by a former guardian, whom the defendant in error, Lewis B. Malone, succeeded.

The letter attached as exhibit advised counsel for plaintiffs in error that the appeal was set for trial on the 19th day of December, 1928, at 9 o'clock. The record discloses that the motion for continuance was overruled. The judgment of the trial recites that the motion for continuance was overruled upon counsel for Lewis B. Malone admitting that the witness Mickle would testify as set forth in said motion. To which the appellants below excepted. The cause then proceeded to trial before the court.

The affidavit is silent as to when the clerk set the case for trial, but indicates that the case had been regularly set for trial and continued along from time to time. No evidence was introduced as to when the clerk or judge set the case for trial on the 19th day of December. The case-made, which was certified as a true and correct case-made, contains the following statement:

"And now comes the above-entitled cause on regularly for hearing. * * *"

In the case of Eagle Loan & Inv. Co. v. Turner, 113 Okla. 251, 241 P. 138, in the 2nd paragraph of syllabus, this court said:

"The general presumption is that public officers perform their official duty and that their official acts are regular."

In the case of M., O. & G. Ry. Co. v. Vandivere, 42 Okla. 427, 141 P. 799, in the second paragraph of syllabus, this court said:

"In the calling and setting or resetting of cases for trial, a trial judge must of necessity be vested with a reasonable scope of discretion, and a judgment will not be reversed because the court of its own motion set a case for trial at a later date than that on which it was set by the clerk of the court in making up its trial docket, nor because the court may have, of its own motion, reset such case for a later day in the term, where no abuse of discretion is shown."

The main ground for a continuance of the case at bar was absence of a witness who lived in another county, and the motion was overruled upon the grounds that the defendant below would admit that the witness would testify as set forth in said mo-

tion, and the plaintiff below was thereby not deprived of the testimony of said witness. The transcript of the county court had been on file and the case had been at issue in the district court since September 6, 1928, and the record is silent as to any endeavor on the part of the plaintiff below to procure the deposition of the said witness.

In the case of Shaw v. Stevenson, 119 Okla. 182, 249 P. 306, this court, in the second paragraph of the syllabus, said:

"An application for a continuance, on the ground of absent witness, under section 584, C. O. S. 1921, invokes the sound and reasonable discretion of the trial court, but where the adverse party consents that, on the trial of the case, the facts alleged in the affidavit for the continuance shall be read and treated as the deposition of the absent witness, the rule of discretion ceases to operate, and continuance should not be granted."

We are of the opinion that the trial court did not abuse its discretion in overruling the motion for continuance.

The next issue presented by plaintiff in error is:

"Is the judgment of the trial court sustained by the evidence?"

—and set out and argue thereunder three points:

"1. The transactions wherein Boyles, preceding guardian of Malone, purchased land in McIntosh county, were fraudulent and void upon their face and the defendant in error Malone was derelict in his duty in neglecting to compel said Boyles to account, and in attempting to release said Boyles.

"2. The guardian Malone is guilty of breaches of duty as such in commingling funds of this minor in making loans to one Stevens, father-in-law of Malone, upon the security of land concerning which guardian represented said father-in-law as agent; and further in failing and refusing to deliver to his succeeding guardian any evidence of said loan.

"3. The reports of guardian and the total result of his administration show that the minor was entitled to an accounting from guardian, and to judgment for the negligent administration of her estate."

With reference to the first point raised by plaintiff in error, the record discloses that one Boyles, a former guardian, purchased certain lands for the plaintiff in error with the funds of said minor, and purported to pay therefor $70 per acre, when he actually only paid $35 per acre for said lands and charged himself for said lands at $70 per acre.

The record discloses that the purchase of said lands was authorized by the order of the county court. That the lands were appraised. That when the defendant in error, Malone, was appointed guardian of plaintiff in error he filed exceptions to the final report of the previous guardian, Boyles, and the matter came on for hearing before a special judge and a settlement was entered into between Malone, the guardian of plaintiff in error at that time, and the former guardian, Boyles, and the bonding company, and said settlement was agreed to by the special judge, and judgment rendered therein approving the settlement, which judgment was not appealed from and became final.

Section 1085, C. O. S. 1921, with reference to "Probate Procedure," reads as follows:

"The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments, and decrees, there are accorded like force, effect, and legal presumption as to the records, orders, judgments, and decrees of district courts."

In the case of Woods v. Vann, 125 Okla. 121, 256 P. 918, in the first paragraph of the syllabus, this court said:

"The probate court is, upon all matters upon which it is authorized to act, and upon which it has jurisdiction, a court of record and of final authority, and its final judgments are, in such matters, absolute, unless appealed from."

Plaintiff in error next contends that the guardian, Malone, was guilty of breaches of duty with reference to making loans of the ward's funds. The exceptions to the final report set out four different loans made by said guardian, Malone, and the brief calls particular attention to one loan made to the father-in-law of the guardian.

The record discloses that each of said loans was made on real estate, after petition to make the loan had been filed by the guardian, order for hearing the petition was entered, appraisers of the property appointed, notice of hearing given, and order of the county judge made approving and authorizing said loans.

In the case of McDougal v. Kersey, 108 Okla. 231, 236 P. 7, in the body of the opinion this court, at page 233 of Oklahoma Report, said:

"Under sections 1468 and 1469 (C. O. S. 1921), the guardian is authorized to put out at interest any surplus income of the ward over and above his necessary keeping and to invest same according to his best judgment. And in Yawitz v. Hopkins, 70

Okla. 158, 174 P. 257, it was held by this court in the body of the opinion:

"'Under this section (6556, Rev. Laws 1910, which is 1469, Comp. Stat. 1921) of the statute it would not be necessary for the guardian to procure an order of the court directing him to invest the funds of his ward. * * *' The difference being that if a guardian obtains a valid order from the county court to make a specific investment, then he and his bondsmen are protected against the result of such investment. * * *"

Under the third point presented by plaintiffs in error, that the minor was entitled to an accounting from the guardian and for judgment for the negligent administration of her estate, no authorities are presented, but they merely call attention to purchase of the lands by the former guardian, Boyles, and the loans made by defendant in error, and make other statements with reference to the management of the estate by defendant in error.

In the exceptions to the final report of defendant in error, plaintiff in error complains with reference to allowances made by the county court to defendant in error for services and expenses, and also orders made for attorney fees. The record discloses that the allowances and expenses of guardian and the attorney fee allowances were all made on petition and orders of the county court.

Plaintiff in error fails to point out wherein the compensation and expenses allowed guardian were in a greater amount than allowed by law, nor that the attorney fees were inconsistent with the work performed and the amount allowed therefor by law.

While no inventory was ever filed by the defendant in error, yet defendant in error filed itemized reports of receipts and disbursements, and the estate consisted mostly of cash, except the lands purchased by the former guardian which had been appraised when purchased a short time before the defendant in error was appointed guardian.

The county court, after a hearing thereon; approved the final report of defendant in error, and the trial court after a full hearing approved the final report of defendant in error, and the presumption is in favor of the finding of the trial court, and it will not be set aside, unless against the clear weight of the evidence, and we are unable to say that the judgment of the trial court is against the clear weight of the evidence. Judgment is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.