## FRANK v. WEBB.

No. 24153. Feb. 5, 1935.

Homer Melton and E. B. Hunt, for plaintiff in error.

Carey Caldwell, for defendant in error.

PER CURIAM. This case was originally brought in the justice court of the city of Vinita by defendant in error, Lee Webb, against the plaintiff in error, N. W. Frank, to recover a real estate commission alleged to be due the plaintiff for aiding and assisting the defendant in purchasing certain real estate in the city of Vinita, Okla. The trial was had, and judgment was rendered for plaintiff.

From the judgment in favor of plaintiff in the justice court, defendant perfected an appeal to the district court of Craig county. On a trial being had in the district court of Craig county, judgment was rendered for plaintiff, and from said judgment his motion for a new trial being overruled, plaintiff in error, defendant in the

court below, prosecuted this appeal. The only assignment of error urged by counsel for plaintiff in error for a reversal of this case is the overruling of the motion for continuance. The case-made does not contain any of the testimony introduced at the trial, nor the instructions of the court, so that the only question to be passed upon is, Did the trial court commit error in overruling the motion for continuance of plaintiff in error, defendant in the court below?

The record shows that this cause was called for trial in the district court of Craig county, Okla., on the 12th day of May, 1932, at which time plaintiff in error, defendant in the court below, filed his verified motion for continuance, in which he stated that the evidence of his wife was material and necessary in order to properly try the case; that his wife, if present, would testify that Lee Webb, defendant in error, plaintiff in the court below, stated that he expected no commission in the real estate transaction, and that he withdrew from the deal and requested her to pass this information to her husband.

The journal entry shows that on the presentation of the motion for continuance, plaintiff admitted that the wife of defendant, if present, would testify to the matters set out in the affidavit and motion for continuance.

The case was tried before a jury, and the court called to the jury's attention this statement in the motion for continuance, and stated that the wife of defendant would testify to the statement, if present.

Section 397, Okla. Stat. 1931, is as follows:

"A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If thereupon, the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence."

In the case of Shaw v. Stevenson, 119 Okla. 182, 249 P. 306, this court in construing section 584 of Oklahoma Compiled Statutes 1921, which is the same as section 397 of the Oklahoma Statutes of 1931, said:

"An application for a continuance, on the ground of absent witness, under section 584, C. S. 1921, invokes the sound and reasonable discretion of the trial court, but where the adverse party consents that, on the trial of the case, the facts alleged in the affidavit for the continuance shall be read and treated as the deposition of the absent witness, the rule of discretion ceases to operate, and continuance should not be granted."

The motion for continuance was properly overruled and the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. E. Dudley, G. N. Barrett, and T. G. Carr in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dudley and approved by Mr. Barrett and Mr. Carr, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and GIBSON, JJ., concur.