## SCHUMAN'S, Inc., v. MISSY DRESS CO.

No. 24953.　April 23, 1935.

Rehearing Denied May 14, 1935.

M. L. Hankins, for plaintiff in error.

Arrington & Evans, for defendant in error.

PER CURIAM. This cause was originally instituted in the municipal court in and for the city of Shawnee, Okla. Defendant in error, Missy Dress Company, a corporation, which will be hereinafter referred to as plaintiff, sued plaintiff in error, Schuman's Inc., which will be hereinafter referred to as defendant, for the recovery of a money judgment for goods, wares, and merchandise sold and delivered by the plaintiff to defendant. The plaintiff obtained judgment, and an appeal was taken by the defendant to the district court of Pottawatomie county, where defendant was entitled to a trial de novo. The case was set for trial in the district court and was continued upon application of the defendant to a later date upon an understanding that the defendant would be ready for trial at such time.

When the cause was called for trial in the district court on February 25, 1933, the defendant appeared and filed its application for a continuance in the form of an affidavit of one Joe Schuman. The body of this affidavit reads:

"Joe Schuman, of lawful age, being first duly sworn says: that the defendant is a corporation, and that affiant makes this affidavit for and on behalf of the corporation; that affiant knows the facts about which he testifies in this affidavit; that the defendant is unable to proceed in the trial of this cause for the want of material evidence, to wit, the evidence of one C. Plant who is a material witness in this case; that the said C. Plant is in the city of New York and has the accounts, books, and papers pertaining to the above cause in her possession and defendant cannot proceed to the trial of this cause without said books and papers; that defendant had relied on said witness being present with said books and papers, but learned on the 22nd day of February, 1933, that said witness, together with said documents, was absent from the state of Oklahoma; affiant had left said books and papers in the possession of said C. Plant in the city of Tulsa, and believed that said papers were there and could be obtained for the use of same for this cause; that, if this cause is continued, the defendant can get possession of said papers for trial whenever this case is set; that said documentary evidence, books and papers will show that the merchandise, constituting the cause of action for which this suit was brought, was returned to the plaintiff; that defendant cannot show these facts by any other evidence other than the documents and accounts above referred to; the defendant expects to have said evidence by the term of the next court.

"That application is not made for delay, but that substantial justice may be done, and defendant asks that this cause be continued for this term of court and until another term of court."

Upon consideration thereof, the trial court

denied defendant's application for a continuance, the journal entry signed by the court reciting that the plaintiff had offered in open court to permit the affidavit for continuance to be considered as evidence in favor of the defendant.

The cause proceeded to trial, resulting in judgment in favor of the plaintiff for the amount sued for.

The single error alleged by the plaintiff in error is the action of the court in denying defendant's application for continuance.

Plaintiff in error presents to this court with its petition in error a record containing the transcript of the proceedings had in the municipal court aforesaid, including plaintiff's petition or bill of particulars, together with a copy of the aforesaid affidavit for continuance, the journal entry · of the judgment of the district court, plaintiff's motion for new trial and order overruling same, and a bill of exceptions allowed by the trial court containing the aforesaid affidavit for continuance, with a recital of the appearance of the attorneys for the parties, and the presentation of said application for continuance to the court, and that same was considered and overruled, and that judgment went for the plaintiff for the amount sued for after the court heard the evidence. Such bill of exceptions also contains a separate order signed by the district judge overruling defendant's motion for continuance.

The record presented does not show more in detail of the proceedings had before the district court, and, therefore, this court is dependent upon the recitals contained in the journal entry of the judgment for its knowledge of the proceedings leading up to the order denying said continuance.

1. The recitals of proceedings had at the trial and preliminary thereto, contained in a judgment, are prima facie proof of the facts stated therein and are presumed to be true and correct unless contradicted or impeached by other parts of the record. 34 C. J. 503, section 795; Wallace v. Adams (C. C. A. 8) 143 F. 716; Gallaghar v. Petree, 103 Okla. 295, 230 P. 477.

2. Plaintiff contends that it was not error for the trial court to deny the application for continuance because the affidavit therefor did not substantially comply with the requirements of section 397, Okla. Stats. 1931, in that it was not made to appear by the affidavit (1) that the absent evidence was material; (2) that the defendant had exercised due diligence in attempting to have said evidence available; and (3) that the applicant believes to be true the facts which he asserts the witness will prove.

This court is of the opinion that the affidavit was defective in these respects as well as in other respects not necessary to note. See Murphy v. Hood & Lumley, 12 Okla. 593, 73 P. 261; Blue Grass Oil Co. v. Central Torpedo Co., 82 Okla. 58, 197 P. 1049; Wood v. French, 39 Okla. 685, 136 P. 734.

3. Plaintiff also contends that it had the right under the statutes to defeat defendant's application for a continuance in any event, by consenting that the affidavit for continuance should be read and treated as the deposition or evidence of the defendant upon the trial, and that it did offer to consent to such, and that because of such offer the trial court was required to deny the defendant a continuance.

Upon the record here presented, this court concludes that this position of the plaintiff is well taken. Under the very most which could be said in behalf of the defendant, in the granting or refusal of a continuance upon the ground of an absent witness or evidence not presently available, the trial court is vested with a wide range of discretionary power and authority, and in the absence of a showing of an abuse of such discretion, the denial of a continuance would not constitute reversible error. Moore v. Morris, 116 Okla. 224, 243 P. 933; Lynch v. Peterson, 91 Okla. 28, 215 P. 617.

We are of the opinion that the trial court did not abuse its discretion in overruling the motion of the defendant for a continuance.

Further, in this case, the offer of the plaintiff to consent that the affidavit for continuance be used as evidence in behalf of the defendant, precluded the trial court from properly granting a continuance to the defendant.

In the case of Shaw v. Stevenson, 119 Okla. 182, 249 P. 306, this court announced the law applicable to this case in the second paragraph of the syllabus as follows:

"An application for a continuance, on the ground of absent witness, under section 584, C. O. S. 1921, invokes the sound and reasonable discretion of the trial court, but where the adverse party consents that, on the trial of the case, the facts alleged in the affidavit for the continuance shall be read and treated as the deposition of the absent witness, the rule of discretion ceases to operate, and continuance should not be granted."

We adhere to the views there expressed. See, also, Anderson v. Malone, 154 Okla. 4, 6 P. (2d) 795.

The judgment of the trial court is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys John H. Cantrell, Stephen Chandler, and Mart Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cantrell and approved by Mr. Chandler and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.