## CHAMPLIN REFINING CO. et al. v. CRISP.

No. 27535.   Sept. 21, 1937.

Nathan Scarritt, E. S. Champlin, and Darnell, Gibson & Loving, for plaintiffs in error.

Meacham, Meacham & Meacham, for defendant in error.

PER CURIAM. This is an appeal from the district court of Custer county. The action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, to recover for damages to his person and property alleged to have been sustained as a result of the negligence of the defendants. The negligence charged was the failure of the defendants to exercise due care in the transportation of a derrick over a public highway so that a leg of said derrick was permitted to fall and remain on said highway and thereby cause the wreck of plaintiff's automobile and injury to his person. The answers of the defendants were general denials. The cause was tried once to a jury and resulted in a mistrial. The cause was reinstated on the docket and came on for trial again on April 13, 1936, at which time defendants sought a continuance on account of the absence of two material witnesses. The plaintiff in order to avoid a continuance consented to the use of the affidavits for a continuance as the depositions of the absent witnesses. The application for continuance was thereupon denied and the cause proceeded to trial before a jury. Demurrers of the defendants to the evidence of the plaintiff were overruled and denied. The defendants then, in order to maintain the issues on their part, introduced their evidence, which included the affidavit for a continuance on account of the absence of witness Alvin Price. The plaintiff, in rebuttal and over the objections and exceptions of the defendants, was permitted to introduce in evidence a certified transcript of the testimony of witness Price as given by him at the hearing which had been previously had and had resulted in a mistrial. At the close of all of the evidence the defendants renewed their demurrers thereto and moved for directed verdict in their favor; these were overruled and denied. The jury returned a general verdict in favor of plaintiff and assessed his recovery at the sum of $1,500. The defendants appeal from the order overruling their motion for new trial and the judgment entered on the verdict. The defendants assign nine specifications of error, which they present and discuss under five propositions. These may be summarized as follows:

(1)   The denial of defendants' application for continuance was error.

(2)   The court erred in admitting evidence to impeach the testimony of absent witness of the defendants when the continuance had been denied on consent of plaintiff: that such statements in the affidavit should be used and treated as the deposition of the absent witness.

(3)   Error in certain instructions.

(4)   Error in overruling defendants' demurrers to plaintiff's evidence and in refusing their motions for a directed verdict.

(5)   Error in overruling the defendants' motion for new trial.

The first contention of the defendants is not well taken and cannot be sustained for the reasons heretofore pointed out and dis-

cussed by the court in the cases of Chandler v. Colcord, 1 Okla. 260, 32 P. 330; Terrapin v. Barker, 26 Okla. 93, 109 P. 931; N. S. Sherman Machine & Iron Works v. Cole Mfg. Co., 51 Okla. 353, 151 P. 1181; White v. Kimerer, 83 Okla. 9, 200 P. 430; Shaw v. Stevenson, 119 Okla. 182, 249 P. 306; Anderson v. Malone, 154 Okla. 4, 6 P. (2d) 795; Frank v. Webb, 170 Okla. 501, 40 P. (2d) 1055; Schuman's, Inc., v. Missy Dress Co., 172 Okla. 211, 44 P. (2d) 862.

The next contention advanced by the defendants is well taken. The plaintiff in order to compel the defendants to go to trial consented that the affidavit for a continuance should be used and treated as the depositions of the absent witnesses. When they were so used the plaintiff then undertook to impeach one of these witnesses by introducing a certified transcript of his testimony at the former trial. The witness, of course, was not present and was unable to explain the apparent contradiction between the testimony so introduced and the statements which had been admitted as his depositions. This was on a matter vital to the defense interposed by the defendants. In Kuhn v. Poole, 27 Okla. 534, 112 P. 962, this court held that a witness may not be impeached by proof of contradictory statements without first calling his attention to the time, place, and to the person involved in the supposed contradictory statements. In National Council, Knights and Ladies of Security, v. Owen, 47 Okla. 464, 149 P. 231, this court said:

"Where a party agrees that the statements contained in an application for continuance may be read as the deposition of the absent witness, such party will not be allowed to impeach said testimony by showing that the witness had made prior statements inconsistent with and contradictory of the statements therein contained, without the attention of the witness having first been called thereto."

We can conceive of no method better calculated to destroy the effect of a statement or deposition of a witness than to introduce proof of contradictory or inconsistent statements made by him at a different time, and when the contradictory evidence rises to that high degree of proof which inheres in the testimony given in a court of law and is introduced at a time when it is impossible for the witness to explain or reconcile such statements, its effect is to destroy the evidence of the absent witness entirely. It is apparent from the record before us that this was what was accomplished in the case here. A remark made by a juror shows that the defendants by reason of admission of this evidence were deprived of a fair and impartial trial in violation of their statutory and constitutional rights. Such error is not harmless. In view of the conclusion thus reached and the fact that this case must be reversed and remanded for a new trial, we deem it both unnecessary and inappropriate to discuss at this time the other contentions advanced by the defendants. The errors complained of will probably not arise again.

Reversed and remanded, with directions to grant a new trial.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.